FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 28

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JERRY DUNCAN,

    Petitioner,

vs.

DONALD HELLING, et al.,

    Respondents.

3:07-cv-0210-BES-VPC

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 22, 2008, respondents filed a motion to dismiss the petition. (Docket #10). On January 31, 2008, petitioner filed a motion requesting an enlargement of time to oppose the motion to dismiss. (Docket #13). Petitioner also filed a motion for reconsideration of this Court's prior order denying the appointment of counsel. (Docket #12). Finally, petitioner informs the Court that he did not receive a copy of respondents' motion to dismiss, but rather, only received the exhibits to the motion. Petitioner asks the Court to have a copy of respondents' motion to dismiss served on him. (Docket #14).

**I.      Motion for Reconsideration (Docket #12)**

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).

///

*School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

Petitioner seeks reconsideration of this Court's order of November 6, 2007, in which petitioner's motion for the appointment of counsel was denied. (Docket #5). Petitioner asserts that the Court overlooked the fact that he is over 80 years old, suffers from dementia, and that

///

he is legally deaf and blind. Petitioner asserts that it is only with assistance of an inmate law clerk that he was able to file the petition.

Petitioner has not demonstrated that he is entitled to reversal of this court's decision under either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). Petitioner has not demonstrated that he is incapable of presenting his claims in this litigation. The issues in this action are not complex. Petitioner has the assistance of an inmate law clerk and has successfully filed a petition in which his claims are sufficiently set forth, and he has filed several motions in this Court. The appointment of counsel is not justified in this instance. The motion for reconsideration is denied.

## II. Motion for Copy of Motion and Extension of Time (Docket #13 and #14)

Petitioner contends that he received the exhibits to respondents' pending motion to dismiss but he did not receive the motion itself. The Court will therefore direct the Clerk of Court to send petitioner a copy of the motion to dismiss (Docket #10). Petitioner also seeks an extension of time to file a response to the motion to dismiss. Good cause appearing, the motion is granted.

## III. Conclusion

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (Docket #12) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for a copy of respondents' motion to dismiss (Docket #14) is **GRANTED**. The Clerk of Court shall **SERVE** a copy of respondents' motion to dismiss (Docket #10) on petitioner at his current address.

**IT IS FURTHER ORDERED** that petitioner's motion for an extension of time (Docket #13) to file a response to the motion to dismiss is **GRANTED**. Petitioner's response shall be filed on or before **May 2, 2008.**

DATED this 28th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE

4